IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF ) <br> SEMPRE FIDELES, INC. PURSUANT TO ) <br> 28 U.S.C. § 1782 TO CONDUCT ) <br> DISCOVERY FOR USE IN FOREIGN ) <br> PROCEEDINGS ) | C.A. No. 24-CV-00573-JLH-SRF |

## ORDER

Pending before the court is an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery in Aid of a Foreign Proceeding filed by Sempre Fideles, Inc. ("Petitioner"). (D.I. 1 ("Application")) Petitioner seeks authorization to issue the subpoenas marked as Attachments 2–4 of the Application to Respondents JPMorgan Chase & Co., The Bank of New York Mellon Corporation, and U.S. Bancorp. Having reviewed the Application, and in the interest of efficiency, the court Orders that the matter shall proceed as follows:

Section 1782 of Title 28 authorizes a district court, "upon the application of any interested person," to "order" a person "resid[ing]" or "found" in this district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). In accordance with *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the court follows a two-step process to determine whether to grant judicial assistance under 28 U.S.C. § 1782. First, the court analyzes whether § 1782(a) authorizes the requested discovery. *Id.* at 263–64. If the statutory conditions are satisfied, the court then determines in its discretion whether the requested discovery should be allowed. *Id.* The Supreme Court set out four factors to assist district courts in exercising their discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding (in which case the need for § 1782 discovery is less apparent); (2) the nature of the foreign tribunal and proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the application conceals an

1

attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome. *Id.* at 264–65. "[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Id.* at 265.

An interested person to the foreign proceeding may seek such discovery by filing an *ex parte* application. *In re Mota*, Misc. No. 19-0369, 2020 WL 95493, at *1 (D. Del. Jan. 8, 2020) (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)); *see also In re O'Keeffe*, 646 F. App'x 263, 265 (3d Cir. 2016) (upholding denial of motion to quash subpoena issued pursuant to § 1782). In such an instance, the court would grant or deny the application after considering the statutory requirements and discretionary factors described above. If the court grants the application, the responding party would then be able to object to the issued discovery requests, and the parties may return to court on a discovery motion such as a motion to quash or a motion to compel in order to resolve the dispute. In order to avoid the inevitable subsequent motions and to allow the court to make a decision on a more complete record, the court ORDERS as follows:

1. Petitioners shall complete service of both the Application and this Order on Respondents by May 23, 2024. Petitioners shall file proofs of service with the court on or before May 27, 2024.

2. On or before June 6, 2024, or such other time as agreed to by the parties, Petitioner shall meet and confer with Respondents (in person and/or by telephone) regarding Petitioner's proposed subpoena to Respondents. Should the parties agree on the manner and scope of compliance with the subpoena, Petitioner shall file a Stipulation and Proposed Order regarding that subpoena. The parties may also submit a proposed Protective Order.

3. If the parties find they are unable to agree on compliance with a proposed subpoena (or the terms of a protective order, if applicable), any party may file a Motion for Teleconference to Resolve Discovery Dispute. The suggested text for this motion can be found in Judge Fallon's portion of the court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute - Revised 10/10/19[.]" The dispute will thereafter be addressed in accordance with Judge Fallon's discovery dispute procedures. Respondents' letter shall be due first, and it should set forth why the Application should not be granted, including by addressing the statutory factors and the *Intel* factors, as applicable. Should Respondents fail to comply with this Order, the court may consider and grant the Application, in whole or in part, without further notice to Respondents.

Date: May 16, 2024

The Honorable Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE