

**ROSS**
**ARONSTAM**
**& MORITZ**
— LLP —

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Roger S. Stronach                                                    Direct Dial 302.576.1611
                                                                    rstronach@ramllp.com

July 12, 2024

**VIA CM/ECF**

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, Delaware 19801-3555

      **Re:**    ***In re:  JPMorgan Chase & Co., et al.*, C.A. No. 24-cv-00573-JLH-SRF**

Dear Judge Fallon:

As the Court knows, on May 10, 2024 Petitioner Sempre Fideles Inc. applied for an order pursuant to 28 U.S.C. § 1782 to serve document subpoenas on Respondents JPMorgan Chase & Co., The Bank of New York Mellon Corp., and U.S. Bancorp (the "Application).  *See* D.I. 1.  On May 16, the Court issued an order requiring, among other things, that Petitioner meet and confer with Respondents concerning the proposed subpoenas (the "Order).  *See* D.I. 7.  On June 11, Petitioner provided the Court with a written status update concerning its compliance with the Order, *see* D.I. 12, and on June 12, the Court ordered that Petitioner provide a further status update today addressing what requirements of the Order remained to be complete, the submission of a protective order, and a proposed schedule for compliance with the Order.  *See* D.I. 13.  This is Petitioner's further status update.

*Protective Order*

After meeting and conferring, Petitioner and Respondents agreed to the terms of a protective order governing any productions that the Respondents make in response to the JPM Subpoena, the USB Subpoena, and any subpoena that Petitioner may seek as to Respondent The Bank of New York Mellon Corp.  Petitioner filed the proposed protective order on June 13, 2024, *see* D.I. 15, and the Court entered the Protective Order the next day.  *See* D.I. 17.

*Compliance with Paragraph 2 of the Order*

As noted in Petitioner's prior June 11 letter, Petitioner met and conferred telephonically with each of the Respondents regarding the proposed subpoenas—including with JPMorgan Chase & Co. on June 4 and June 10, Bank of New York Mellon Corporation on June 4, and U.S. Bancorp on June 6—and additionally corresponded via email.  Those communications have continued.

The Honorable Sherry R. Fallon
July 12, 2024
Page 2

<u>Respondent JPMorgan Chase & Co.'s Compliance</u>

After further meet-and-confers, Petitioner and Respondent JPMorgan Chase & Co. agreed to the terms of a proposed order governing the issuance of a subpoena to JPM and JPM's compliance with that subpoena. Petitioner submitted that proposed order on June 14, *see* D.I. 18, and the Court granted Petitioner's application as to JPM the same day. *See* D.I. 19. Petitioner served JPM with a subpoena on June 20 (the "JPM Subpoena"). *See* Exhibit 1 hereto. The JPM Subpoena called for JPM to comply within fourteen days of service, or by July 5. *See generally* Fed. R. Civ. Proc. 6(a)(1)(C).

In the weeks since Petitioner's service of the JPM Subpoena on June 20, Petitioner and JPM have continued discussing JPM's compliance with the JPM Subpoena. On July 2, JPM requested an extension of its deadline for compliance with the JPM Subpoena. After discussions, Petitioner and JPM have agreed that JPM will complete its production of the materials identified in the JPM Subpoena by July 22, 2024.

<u>Respondent U.S. Bancorp's Compliance</u>

After further meet-and-confers, Petitioner and Respondent U.S. Bancorp agreed to the terms of a proposed order governing the issuance of a subpoena to USB and USB's compliance with that subpoena. Petitioner submitted that proposed order on June 13, *see* D.I. 14, and the Court granted Petitioner's application as to USB on June 14. *See* D.I. 16. Petitioner served USB with a subpoena on June 20 (the "USB Subpoena"). *See* Exhibit 2 hereto. The USB Subpoena called for USB to comply within fourteen days of service, or by July 5. *See generally* Fed. R. Civ. Proc. 6(a)(1)(C).

Unfortunately, unlike JPM, USB has not committed to a date by which it intends to comply with the USB Subpoena. *See* Exhibit 3 hereto (7/11 B. Velzen email) ("…[W]e can assess best next steps."). To justify its inaction, USB points to a communication that Petitioner and USB received from counsel for certain parties in the underlying St. Lucia litigation (the "St. Lucia Parties"), whose records are sought in the USB Subpoena. In that communication, counsel for the St. Lucia Parties stated that it "intend[ed] to object to production of documents related to Jennifer Haynes' [sic] personal capacity …." Exhibit 4 hereto (6/24 R. Golden email).

Counsel's June 24 communication is not a reason to delay compliance, for several reasons. *First*, upon receiving the communication, I promptly explained that the USB Subpoena by definition does not call for USB to produce any of Ms. Hayes' personal materials, given that it only seeks checks made out to an insurer of entities Cosmo Import & Export and Outdoor Living. I also invited counsel to confer and asked for "some times that work." Exhibit 4 (6/25 R. Stronach email). Counsel never contested my explanation; indeed it never responded at all. *Second*, if the St. Lucia Parties wanted to move to quash or otherwise object to the USB Subpoena, their deadline to do so was July 5. Yet the St. Lucia Parties have not moved to intervene in this action, have not filed a motion to quash, and have not lodged any formal objections. The only thing the St. Lucia Parties have done is state an "inten[tion] to object"—an intention that I promptly explained was unwarranted. *Third*, for the avoidance of doubt and at USB's insistence, I wrote counsel for the St. Lucia Parties again on July 10 to "confirm that USB may proceed with producing the materials identified in the subpoena directed to it. These materials comprise (1) any cashier's check(s) made

The Honorable Sherry R. Fallon
July 12, 2024
Page 2

out to Reliant Group & Casualty Insurance at the request of Cosmo Import & Export, Outdoor Living, and/or Jennifer Hayes and (2) any communications concerning any such checks." Exhibit 4 (7/10 R. Stronach email). After additional prompting, counsel for the St. Lucia Parties finally responded today. And instead of objecting, counsel simply mischaracterized the USB Subpoena and then claimed it was "frivolous and should be withdrawn." *Id.* (7/12 E. Cotton email).

The St. Lucia Parties' sporadic and shifting characterizations of the USB Subpoena and what it calls for do not give USB license to continue delaying its compliance. The St. Lucia Parties have not lodged any objections. Neither has USB. The time for compliance is now.

<u>Respondent The Bank of New York Mellon Corp.'s Compliance</u>

After further meet-and-confers, Respondent The Bank of New York Mellon Corp. agreed to conduct a preliminary search for materials responsive to the proposed subpoena. After conducting that search, BNY informed Petitioner that "BNY did not issue any cashier' [sic] checks to Reliant at the request of Ms. Hayes. Ms. Hayes is the BNY client, not the other defendants. … BNY does not have responsive documents or information." Exhibit 5 hereto.

Without waiving its rights to seek further clarity or information from BNY or to request at a later date that a subpoena be issued, based on the information that BNY has provided to date, Petitioner is not currently pursuing the issuance of a subpoena to BNY.

***Proposed Next Steps***

Because JPMorgan Chase & Co. has agreed to complete its production of materials responsive to the JPM Subpoena by July 22, 2024, Petitioner does not believe that any further scheduling order as to the JPM Subpoena is necessary. And given BNY's representation that it does not have responsive materials, Petitioner does not believe that any further scheduling order as to the proposed BNY subpoena is necessary either.

As to USB, Petitioner believes that an order setting a compliance deadline is necessary. USB already agreed to the issuance of the USB Subpoena. Neither USB nor any St. Lucia Party has timely objected to USB's production of materials in response to the USB Subpoena. Like JPM, USB should be able to promptly produce any responsive materials it possesses. USB should be ordered to comply with the USB Subpoena by July 22, 2024. Alternatively, if the Court prefers, Petitioner can file a Motion to Compel USB's compliance.

As always, we appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Roger S. Stronach*

Roger S. Stronach (#6208)

Enclosures